### W. J. & F. J. POWERS v. JAMES.
### (No. 7837.)

(Court of Civil Appeals of Texas. Galveston. March 3, 1920.)

**1. Appeal and error ☞742(6)—Statement held not to sustain assignment that judgment was not warranted by verdict.**

An assignment of error that the judgment was contrary to the verdict cannot be sustained, where the proposition and statement thereunder merely tended to show that the verdict was not warranted under the evidence and charge, for such assignment merely challenged the sufficiency of the verdict to support the judgment, and not the sufficiency of the evidence to support the verdict.

**2. Appeal and error ☞742(4)—Assignment of error in admitting evidence not considered, when not followed by statement.**

An assignment complaining of the erroneous admission of evidence cannot be considered, where not followed by statement as required by rule 31 for Courts of Civil Appeals.

**3. Appeal and error ☞549(2)—Rulings on evidence cannot be considered, without bill of exceptions or statement of facts.**

Assignment complaining that the court required defendant to answer question cannot be reviewed, where there was no bill of exception or statement of facts showing any objection by defendants.

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by J. A. James against W. J. & F. J. Powers. From a judgment for plaintiff, defendants appeal. Affirmed.

W. C. Gray, of Palacios, for appellants.

Conger & Davant, of Bay City, for appellee.

PLEASANTS, C. J. This is a suit by appellee against appellants to recover damages for injury to his growing crop, caused by the depredations of cattle belonging to appellants, which appellants permitted to run at large, in violation of the stock law, which was in force in that portion of Matagorda county in which appellee's crop was situate. The petition further sought recovery for impounding fees allowed by the stock law, and to foreclose a statutory lien on the cattle for the amount of the damages and fees.

Appellants answered by general denial, special exceptions, general demurrer, and by way of cross-action sought damages for injury to their cattle while in the possession of appellee, due to improper feeding and watering and to being kept in a pen too small to accommodate 91 head of cattle.

The trial in the court below with a jury resulted in a verdict and judgment in favor of the appellee for $126.45, with foreclosure of a lien to secure said amount upon the 91 head of cattle described in the petition.

[1] The first assignment of error presented in appellants' brief is as follows:

"The court erred in the judgment rendered, in that it fixed a lien upon defendants' cattle and ordered same foreclosed, because said judgment is contrary to the verdict of the jury."

The proposition and statement under this assignment are as follows:

"The court in its instructions to the jury said: 'But in this connection you are charged that in this case that if the defendants' cattle got out of defendants' pasture without the knowledge of the defendants, and without any fault on the part of the defendants, then there could be no lien against the cattle for the purpose of paying any such damages as the cattle might have incurred by reason of their having entered into said inclosure.'

"Also the court charged: 'If you believe from the evidence that defendants' cattle got out of the inclosure of the defendants by reason of any fault or negligence on the part of the defendants, then in that event, in case you should find that plaintiff is entitled to any damages, you will further find that the lien given by the statutes be foreclosed against said cattle to satisfy said amount of damages, if any; but, on the contrary, if you find from the evidence that said cattle got out of defendants' inclosure, but that it was not through any fault or negligence on the part of the defendants that they got out, then, in the event you find plaintiff is entitled to any damages against the defendants, you will further find that the statutory lien referred to be not fore-

closed against said cattle to satisfy said damages, if any.'

"Statement.

"There was no evidence that cattle got out through any fault or negligence on the part of defendants. The only evidence bearing on this point was that of W. J. Powers, to the effect that he did not know how they got out and that he did not turn them out."

The above so-called proposition is merely a statement of certain portions of the court's charge, and has no apparent relevancy to the question raised by the assignment. The assignment raises the question of variance between the verdict and judgment, and, if it had been submitted as a proposition in itself, no further proposition might have been necessary; but it is not so submitted. If, however, we should consider it as entitled to consideration without a formal proposition being submitted thereunder, it could not be sustained, because it is not supported by the statement submitted thereunder. The statement is, in effect, that there was no evidence to justify or sustain a finding by the jury that defendants were negligent in permitting their cattle to run at large. Nothing is shown as to what was the verdict or judgment. This statement is obviously insufficient to support an assignment predicating error upon a variance between the verdict and judgment.

[2, 3] The second assignment of error is that—

"The court erred in compelling defendant F. J. Powers, over defendants' objection, to answer the question that elicited the testimony that he had been previously convicted of a felony."

This assignment cannot be considered, because it is not followed by a statement, as required by rule 31 for the Courts of Civil Appeals (142 S. W. xiii). In addition to this, there is no bill of exceptions in the record or statement of facts showing that any objection was made to plaintiff eliciting from defendant the testimony of which appellants complain. It goes without saying that in the absence of such showing the assignment could not be sustained.

These are the only assignments presented in appellants' brief, and, no error being shown by either, the judgment of the court below must be affirmed; and it has been so ordered.

Affirmed.